**Not for publication**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

_____
:
FOUR RIVER EXPLORATION, LLC,   :
:
            Plaintiff,   :   Civil Action No. 09-3158 (JAP)
   v.   :
:   **OPINION**
BIRD RESOURCES, INC., and   :
CARL L. DeVILEGER,   :
:
           Defendants.   :
_____ :

PISANO, District Judge:

    Presently before the Court is Plaintiff Four River Exploration, LLC's ("Four River") motion to remand the above entitled action to the Superior Court of New Jersey, Law Division, Ocean County pursuant to 28 U.S.C. § 1446 and for sanctions. Defendants Bird Resources, Inc. ("Bird Resources") and Carl L. DeVileger oppose Plaintiff's motion. For the reasons that follow, the Court finds that a forum selection clause contained in the parties' agreement is binding and, therefore, Plaintiff's motion to remand is granted, without costs or sanctions.

I.    Background

    On September 12, 2007, Four River and Bird Resources entered into a turnkey oil and gas agreement (the "Agreement") in which Bird Resources agreed to drill and manage four oil wells, and provide natural gas pipelines from the wells to suitable markets, on behalf of Four River. (Pl. Exh. 2). Drilling was to commence within six months of the Agreement's execution. (*Id.*). The Agreement provides that it is to be "governed and construed in accordance with the laws of the State of Pennsylvania," and that "[a]ll disputes shall be resolved in the Superior

Court of Ocean County, NJ."[1]  (*Id.*).  DeVileger signed the Agreement on behalf of Bird Resources as the company's president.  (*Id.*).

On May 26, 2009, Four River filed a complaint against Bird Resources and DeVileger in the Superior Court of New Jersey, Law Division, Ocean County, Docket No. OCN-L-2119-09, alleging breach of contract, negligence, unjust enrichment, fraud, promissory estoppel, and breach of fiduciary duty.  (Notice of Removal).  On June 29, 2009, Bird Resources and DeVileger removed the action to this Court pursuant to 28 U.S.C. §§ 1331, 1332, and 1441.  (*Id.*).  A motion to dismiss counts II through XII of the Complaint was filed on July 10, 2009.  (Docket Entry No. 4).  On July 31, 2009, Four River filed the instant motion to remand this matter to state court, arguing that the forum selection clause contained in the Agreement mandates that all disputes be heard by the Superior Court of New Jersey, Ocean County.  (Docket Entry No. 6).

II.  Discussion

Defendants contend that this Court has original jurisdiction over the instant action pursuant to 28 U.S.C. § 1331 (federal question) and 28 U.S.C. § 1332 (diversity of citizenship).  (Notice of Removal).  An action is removable only if it could have originally been filed in federal court.  *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987).  The party seeking removal must establish that jurisdiction exists.  *Steel Valley Auth. v. Union Switch & Signal Div. Am. Standard, Inc.*, 809 F.2d 1006, 1010 (3d Cir. 1987).

"The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.  The "well-pleaded complaint rule" provides that federal question jurisdiction exists only "when a federal question is

---

[1] The parties' agreement misidentifies the state court located in Ocean County, New Jersey as "the Superior Court of Ocean County, NJ."  The court is properly called the Superior Court of New Jersey, Ocean County.

presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar*, supra, 482 U.S. at 392. "[I]t is now settled law that a case may *not* be removed to federal court on the basis of a federal defense . . . even if the defense is anticipated in the plaintiff's complaint." *Id.* at 393.

Four River's complaint does not raise a federal question. The twelve count complaint contains claims for breach of contract, negligence, unjust enrichment, fraud, promissory estoppel, and breach of fiduciary duty, all of which arise under state law. Defendants' argument that Plaintiff has raised a federal question by mentioning the United States Forestry Service is unavailing. Removal on federal question grounds is only available when a "federal question is presented on the face of the plaintiff's properly pleaded complaint." *Id.* at 392. Without more, mere mention of a federal agency in the factual background of a complaint does not raise a federal question. Four River's does not allege any wrong doing on the part of the United States Forestry Service, and to the extent that the agency's actions may provide a defense to Bird Resources and DeVileger, a defense based in federal law does not vest this Court with subject matter jurisdiction. *Id.* at 393.

Original jurisdiction also exists where "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States." 28 U.S.C. § 1332(a)(1). Four River does not dispute that diversity jurisdiction exists; however, it argues that the mandatory forum selection clause in the Agreement requires that this case be remanded to state court. Contractual waiver of federal jurisdiction is determined in the same manner as all preliminary contractual questions. *Foster v. Chesapeake Ins. Co.*, 933 F.2d 1207, 1218 n. 15 (3d Cir. 1991)). The parties' intent is ascertained from the agreement, and if the agreement is clear and unambiguous it will be enforced. *Cowatch v. Sym-Tech, Inc.*, 253 Fed. Appx. 231, 232 (3d Cir. 2007) (citing *Mellon Bank, N.A. v. Aetna Bus. Credit, Inc.*, 619 F.2d

1001, 1010 n. 9 (3d Cir. 1980)).  The United States Court of Appeals for the Third Circuit has held that a valid forum selection clause waives a defendant's right to remove an action to federal court.  *Foster*, supra, 933 F.2d at 1216-17.  The Supreme Court has held that "forum selection clauses are 'prima facie valid and should be enforced unless enforcement is shown by the resisting party to be unreasonable under the circumstances.'"  *Id.* at 1219 (quoting *Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1 (1972)).  A forum selection clause is reasonable unless the defendant can make a strong showing that 1) the specified forum is "so gravely difficult and inconvenient that he will for all practical purposes be deprived of his day in court," or 2) "that the clause was procured through 'fraud or overreaching.'"  *Id.*

   Here, there is no dispute as to the validity of the Agreement nor is there any allegation that the clause "was procured through 'fraud or overreaching.'"  As a preliminary matter, this Court must determine if the forum selection clause is clear on its face.  The forum selection clause reads "[a]ll disputes shall be resolved in the Superior Court of Ocean County, NJ.  Bird Resources, Inc. consents to jurisdiction and venue therein."  The language of the forum selection clause leaves no question that the parties have agreed that *all disputes* arising out of their Agreement be resolved in the Superior Court of New Jersey, Ocean County.  Next, this Court must consider whether the forum selection clause is enforceable, i.e., whether the defendants have made a strong showing that appearing in the Superior Court of New Jersey, Ocean County is so inconvenient to the defendants as to deprive them of their day in court.  Defendants have not met their burden.  The Agreement was negotiated at arms-length by Four River and DeVileger, in his capacity as president of Bird Resources, and Bird Resources does not argue that it is unreasonable as applied to it as a signatory to the Agreement.  (Docket Entry No. 4; Df. Br. at 6).  Consequently, this Court concludes that the forum selection clause is enforceable.

DeVileger argues that even if the forum selection clause is enforceable against Bird Resources, it does not preclude him from removing the matter to this Court. (Df. Br. at 10). DeVileger asserts that since he was not a party to the Agreement he is not bound by the forum selection clause. This Court finds DeVileger's arguments unpersuasive. Courts in this district have consistently held that non-signatory third-parties who are "closely related to [a] contractual relationship" are bound by forum selection clauses contained in the contracts underlying the relevant contractual relationships. *Foley & Lewis Racing, Inc. v. Burling*, 2008 WL 544655, *3 (D.N.J. 2008); *Affiliated Mortg. Protection, LLC v. Tareen*, 2007 WL 203947, *3 (D.N.J. 2007) (holding that employees of a signatory are "closely related to the contractual relationship" and therefore bound by a forum selection clause); *Vickers v. Wells*, 2006 WL 89858, *3-4 (D.N.J. 2006) (inquiry is whether a litigant "is '"closely related" to the dispute such that it becomes "foreseeable" that it will be bound' by the contractual selection of a litigation forum"). DeVileger is president of Bird Resources, and as such was "very substantially involved in providing the services" required by the parties' Agreement. (Compl. at ¶ 3). DeVileger's position as president and his involvement with the services outlined in the Agreement make it foreseeable that he would be required to appear in a court located in Ocean County, New Jersey.

DeVileger also argues that even if this Court finds that he is bound by the forum selection clause, it is unenforceable because appearing in a court located in Ocean County, New Jersey would be so inconvenient as to deny him his day in court. (Df. Br. at 6). DeVileger has not made any showing, let alone a strong showing, that requiring him to appear in the agreed upon forum is unreasonable. Presumably, DeVileger was aware that 'the Superior Court of Ocean County, NJ" was "some 7 hours and 390 miles" away from his home in Warren, Pennsylvania when he signed the Agreement on behalf of Bird Resources. (Df. Br. at 7). Additionally,

DeVileger, as Bird Resources's president, will be required to appear on its behalf in the agreed upon forum, making his argument that by remanding this case to the state court, this Court will in effect be denying him judicial process disingenuous at best.

Defendants advance a number of other arguments in opposition to Four River's motion to remand. This Court finds those arguments unconvincing. First, Defendants argue that Four River's motion for remand is untimely.[2] (Df. Br. at 5). Defendants rely upon 28 U.S.C. § 1447(c), which states in pertinent part, "[a] motion to remand the case on the basis of any *defect* other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a)." 28 U.S.C. § 1447(c) (emphasis added). Here, the time limit imposed by 28 U.S.C. § 1447(c) is inapplicable because Four River is not requesting a remand on the basis of a defect. *Foster*, supra, 933 F.2d at 1212-13 (motion for remand predicated upon a forum selection clause made 54 days after removal was not barred by 28 U.S.C. § 1447(c) because the plaintiff was not seeking remand based upon a defect.").[3] Next, Defendants claim that the forum selection clause only governs Four River's breach of contract claims. (Df. Br. at 8). The forum selection clause provides that "[a]ll disputes shall be resolved in the Superior Court of Ocean County, NJ." The term "all" necessarily includes the other claims advanced by Four River. Finally, Defendants argue that the forum selection clause violates New Jersey public policy because a choice of law provision in the Agreement specifies that Pennsylvania law controls. (Df. Br. at 8). Defendants contend that "both Pennsylvania and New Jersey have statutes considered by their respective legislatures and passed into law that could come into conflict in this proceeding" but then fails to provide any basis for that assertion,

---

[2] Defendants filed their notice of removal on June 29, 2009. (Docket Entry No. 1). Plaintiff filed its motion to remand thirty-two days later. (Docket Entry No. 6).

[3] This Court has the power, in its discretion, to deny a motion to remand as untimely if it is "made at an unreasonably late state of the federal litigation." *Foster*, supra, 933 F.2d at 1213 n. 8. In this case, Plaintiff's motion was not filed unreasonably late.

stating only that "New Jersey courts will be reluctant to give effect to Pennsylvania law within their jurisdiction at the risk of coming into conflict with the public policy expressed in New Jersey's own 'oil and gas' law." (Df. Br. at 9).  Defendants simply have not shown the Court that the forum selection clause violates New Jersey public policy.

III.    Conclusion

For the reasons above, Plaintiff's motion to remand is granted, without costs or sanctions. An appropriate Order accompanies this opinion.


                                        /s/ JOEL A. PISANO
                                        United States District Judge

Dated: January 15, 2010